# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| KORRINE HERLTH,<br><br>    Plaintiff,<br>v.<br><br>MERCK & CO., INC., a New Jersey Corporation; and MERCK SHARP & DOHME CORP., a New Jersey Corporation,<br><br>    Defendants. | Case No. 3:21-cv-00438-JAM<br><br><br>April 29, 2022 |

**MEMORANDUM IN SUPPORT OF MOTION TO STAY ACTION PENDING MDL RULING IN MDL NO. 3036 IN RE: GARDASIL PRODUCTS LIABILITY LITIGATION**

## SUMMARY OF RELEVANT PROCEEDINGS

In this products liability action, Plaintiff, KORRINE HERLTH ("Plaintiff"), alleges she sustained a number of injuries, including but not limited to, autoimmune injuries, as a result of being injected with the Gardasil vaccine which is manufactured by Defendants, MERCK & CO., INC., and MERCK SHARP & DOHME CORP., (collectively "Merck"). As alleged in the Complaint, Plaintiff's primary injuries include, but are not limited to: postural orthostatic tachycardia syndrome ("POTS"), chronic fatigue syndrome ("CFS"), mixed connective tissue disease, and complex regional pain syndrome ("CRPS").

On or about April 12, 2022, plaintiffs in other Gardasil-related cases who had been similarly injured as Herlth and who had likewise sustained autoimmune injury as a result of Gardsail, moved for consolidation of coordinated pretrial proceedings of Gardasil autoimmune personal injury cases pursuant to 28 U.S.C. § 1407. Herlth subsequently submitted a tag-along notice to join the consolidation on April 29, 2022. The consolidation request filed by the injured Gardasil plaintiffs seeks consolidation of coordinated pretrial proceedings of at least 33 Gardasil

personal injury autoimmune lawsuits pending in 25 different district courts, before 31 different judges being handled by eight different plaintiffs' law firms. Presently, any response to the plaintiffs' request for coordination is due on or before May 20, 2022, and any reply is due on or before May 27, 2022. Plaintiff expects that the plaintiffs' request for coordination will be heard at the **July 28, 2022** JPML hearing. Plaintiff is hopeful that the consolidation motion filed by the injured Gardasil will be granted given that the JPML recently consolidated the cases of injured plaintiffs who had alleged they were injured by another Merck vaccine. *See In re Zostavax (Zoster Vaccine Live) Prods. Liab. Litig.*, 330 F. Supp. 3d 1378, 1379 (J.P.M.L. 2018) (granting motion for centralization in cases wherein plaintiffs alleged they had suffered various types of injuries due to Merck's shingles vaccine and reasoning that consolidation will eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve resources).

Accordingly, Plaintiff moves this Honorable Court to exercise its discretion to stay this action pending a ruling by the JPML concerning the motion to transfer this action for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 because work done in this matter by this Court and the parties now, before the JPML's decision on the MDL application, could potentially become wasted effort if an MDL is created and consolidation occurs. Given the numerous related cases currently awaiting a decision on consolidation in an MDL, conservation of the parties' resources and judicial efficiency dictate that this case should be stayed pending the JPML's ruling. "Courts frequently grant stays pending a decision by the [JPML] regarding whether to transfer a case." *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998).

## ARGUMENT

The Court has the inherent power to control its own docket, including the power to stay

proceedings. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). How to best manage the Court's docket "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id*. at 254-55. When deciding a motion to stay, a court should consider: (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *Pierre v. Prospect Mortg., LLC*, 2013 WL 5876151, at *2 (N.D.N.Y. Oct. 31, 2013) (citing *Royal Park Inv. SA/NV v. Bank of Am. Corp.*, 941 F. Supp. 2d 367, 370 (S.D.N.Y. 2013)).

"The purpose of transfers [for consolidated proceedings] is to further judicial economy and to eliminate the potential for conflicting pretrial rulings. *Id.* (citing Stanley A. Weigel, *The Judicial Panel on Multidistrict Litigation, Transferor Courts and Transferee Courts*, 78 F.R.D. 575 (1978)). "Courts frequently grant stays pending a decision by the [JPML] regarding whether to transfer a case." *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998)); *see also, Bearup v. Pfizer, Inc.*, No. 15CV13995, 2015 WL 9266908, at *1 (E.D. Mich. Dec. 16, 2015) (granting defendant Pfizer's motion to stay action pending a decision by the JPML as to the potential transfer of the action to the Lipitor MDL); *Davis v. Pfizer, Inc.*, No. C 14-1204 SI, 2014 WL 1599005, at *2 (N.D. Cal. Apr. 21, 2014) (same); *Nguyen v. BP Expl. & Prod., Inc.*, 2010 WL 3169316, (S.D. Tex. Aug. 9, 2010) (granting Defendant's motion to stay pending decision on MDL creation); *Glazer v. Whirlpool Corp.*, 2008 WL 4534133 (N.D. Ohio Oct. 6, 2008) (same); *Pierre v. Prospect Mortg., LLC,* No. 1:13-CV-453 NAM/RFT, 2013 WL 5876151, at *1 (N.D.N.Y. Oct. 31, 2013).

*Pierre* was one of the many cases in which plaintiffs were pursuing individual claims

against defendant Prostpect Mortgage. *Pierre*, 2013 WL 5876151, at *1. These cases were filed in 37 different district courts. *Id*. In the face of this, Prospect Mortgage filed a motion with the JPML, pursuant to 28 U.S.C. § 1407, requesting that all of these pending cases, including the *Pierre* case, be transferred to a single forum for coordinated or consolidated pretrial proceedings. *Id*. Prospect Mortgage then filed a motion to stay the *Pierre* case pending a decision on the transfer of this case to the JPML. *Id*. Prospect Mortgage sought the stay on "the grounds that (1) a temporary stay would create minimal, if any prejudice to Plaintiffs; (2) allowing the action to continue would create hardship on Prospect Mortgage by exposing it to unnecessary proceedings and potential inconsistent rulings; and (3) a temporary stay will promote judicial economy and efficiency by avoiding duplicative efforts by this court and the transferee court." *Id*. at *3. The court agreed with Prospect Mortage, and granted the motion to stay. *Id*. at *4.

Regarding hardship on Prospect Mortgage, the court noted that "Prospect Mortgage seeks a centralized mechanism to address pretrial proceedings, such as that provided by an MDL, in order to avoid duplicative discovery and inconsistent rulings." *Id*. at *3. The court further noted that litigating 37 cases simultaneously "would be toilsome and costly" and that "if the parties were to proceed in this fashion, the specter of inconsistent rulings may be realized." *Id*. Moreover, the court found that whatever potential prejudice to the plaintiff existed was outweighed by the potential hardship Prospect Mortgage would have to face if its MDL petition were denied. *Id*. at 4. This is because a stay "would only prolong the litigation another four to six months." *Id*. Lastly, the court concluded that "a temporary stay would promote judicial economy and efficiency by avoiding duplicative efforts by this Court and the transferee court." *Id*.

This case is on all fours with *Pierre*. Here, like in *Pierre*, there are related cases pending

4

in jurisdictions across the country such that one of the parties has made a move to consolidate the proceedings in a single MDL. Accordingly, this Honorable Court should follow the *Pierre* court's lead and grant Plaintiff's motion to stay the case pending resolution by the JPML. This is because, like in *Pierre*, Plaintiff may suffer significant hardship if the stay is denied, as she faces a significant risk of inconsistent pretrial rulings by different courts if there is no stay in effect until the Panel issues its decision. *See also Nguyen*, 2010 WL 3169316, at *2. This is also because Plaintiff, like the other Gardasil plaintiffs represented by Plaintiff's counsel, seeks to avoid "duplicative discovery" culminating in "toilsome and costly" litigation. *Pierre*, 2013 WL 5876151, at *3. *See also Glazer*, 2008 WL 4534133, at *2 (finding that a "decision to deny the stay would prejudice the Defendant, however, because Whirlpool would be required to engage in extensive overlapping discovery simultaneously in different fora").

Furthermore, a temporary stay would create no prejudice to Merck. Rather, in the absence of a stay, Merck would engage in duplicative discovery efforts across the various pending Gardasil-related cases that are being considered for consolidation by the JPML. *See Segovia v. Bristol-Myers Squibb Co.*, No. CVNO1500519DKWRLP, 2016 WL 7007482, at *3 (D. Haw. Nov. 30, 2016) (finding that the hardship to the defendant pharmaceutical company in engaging in duplicative discovery efforts warranted a stay). Moreover, like in *Pierre*, a temporary stay would only prolong the litigation for several additional months. There is no prejudice here.

Lastly, like in *Pierre*, consolidation in an MDL will promote judicial economy. A brief stay of these proceedings will preserve judicial resources "by avoiding duplicative litigation if the cases are in fact consolidated." *Gulf Crown Seafood, Inc. v. BP, PLC, et al.*, No. 10-1344, 2010 WL 11707509, at *1 (E.D. La. June 2, 2010). Given the shared factual and legal issues

between this case and the 32 other actions that are being considered for centralized proceedings within the MDL, the plaintiffs across the various pending actions will likely seek discovery of and move to compel the same or similar documents and will seek to depose various Merck custodians in each of the pending cases. By awaiting a ruling on consolidation by the JPML, which Plaintiff believes is likely, judicial economy would be served as only one court would adjudicate the parties' discovery disputes and other pre-trial rulings.[1] Without a stay pending transfer, there could be inconsistent results and prejudice to all parties given the potential duplication of effort across multiple proceedings. *See In re E. Airlines, Inc. Flight Attendant Weight Program Litig.*, 391 F. Supp. 763, 764 (J.P.M.L.1975) (listing as factors in the transfer decision the presence of common factual questions and the potential for duplication of discovery and inconsistent pretrial rulings); *see also In re: Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.*, 812 F. Supp. 2d 1380, 1383 (U.S. Jud. Pan. Mult. Lit. 2011) ("[c]entralization … will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation by avoiding duplicative discovery and other pretrial proceedings on complex common factual issues. Centralization also will ensure that a single judge presides over these actions providing consistency, preventing conflicting rulings, and greatly reducing the duplicative expenditure of judicial resources…").

## **CONCLUSION**

Based on the foregoing arguments, Plaintiff respectfully requests this Court enter an order staying all proceedings in this matter pending the JPML's decision on whether to

---

[1] Plaintiff believes consolidation by the JPML is likely given the volume of complex cases involved, which are currently pending across the country by multiple other firms representing different individual plaintiffs. Indeed, the JPML recently consolidated another vaccine-related litigation against Defendant Merck. *See In re Zostavax (Zoster Vaccine Live) Prods. Liab. Litig.*, 330 F. Supp. 3d 1378, 1379 (J.P.M.L. 2018).

consolidate the related actions.

                                         Respectfully submitted,

Dated: April 29, 2022               **BAUM, HEDLUND, ARISTEI, & GOLDMAN, P.C.**

                                         By: */s/ Bijan Esfandiari*
                                              Bijan Esfandiari (*Pro Hac Vice* Admitted)
                                              besfandiari@baumhedlundlaw.com
                                              Michael L. Baum (*Pro Hac Vice* Admitted)
                                              mbaum@baumhedlundlaw.com
                                              10940 Wilshire Blvd., Suite 1600
                                              Los Angeles, CA 90024
                                              Telephone: (310) 207-3233
                                              Facsimile: (310) 820-7444

                                              John W. Mills
                                              **MILLS & CAHILL, LLC**
                                              One Whitney Avenue, Suite 201
                                              New Haven, CT 06510
                                              Juris No.: 423816
                                              Tele: (203) 776-4500

                                              **Robert F. Kennedy, Jr.** (*Pro Hac Vice* Admitted)
                                              robert.kennedyjr@childrenshealthdefense.org
                                              Children's Health Defense
                                              1227 N Peachtree Parkway
                                              Suite 202
                                              Peachtree City, GA 30269
                                              Telephone: (845) 481-2622

                                              *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2022, the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to all counsel of record in this matter.

>   */s/ Bijan Esfandiari*
>   Bijan Esfandiari (*Pro Hac Vice* Admitted)